The Chief Justice
delivered the opinion of the court.
This was an action for the trover and conversion of hogs, on the trial of which the plaintiff in the court below having adduced evidence conducing to shew that he had sold the hogs in controversy before the commencement of the suit, being at the time of the sale in the possession of the defendant, who claimed them as his own, the defendant moved the court to instruct the jury, that if they should find that the plaintiff had sold, and had not repurchased, although at the time of the sale the hogs were in the possession of the defendant, the plaintiff could not recover. But the court refused to give the instruction, and the only question now to be decided, is, whether the court erred in that decision?
It is plain, if the sale by the plaintiff transferred the legal right of the hogs to his vendee, that the action could be maintained by the latter only and not by the former: but it is equally clear, if the sale did not transfer the legal right that the plaintiff alone could maintain the action.
It is a settled rule of the common law, that a chose or thing in action cannot be sold or assigned, so as to authorise an action in the name of the vendee or assignee. Some innovations upon the common law in this respect, have been made by the statute law of this country, but it is not pretended that there is any statutory provision applicable to this case, and of course the common law must furnish the rule of decision.
A chose or thing in action is contradistinguished from a chose or thing in possession. If it be not in possession, it must be in action, and so vice versa. It follows, therefore, if the plaintiff was not in possession of the hogs at the time of the sale, that the right of action could not have *137 been thereby transferred to his vendees, and that he was not in possession is evident. The instruction asked is expressly predicated upon the fact, that at the time of sale by the plaintiff, the defendant was in possession of the hogs, claiming them as his own. Had he been in possession bailee, or otherwise consistent with the plaintiff’s right of property, the possession would, by construction of law, have been in the plaintiff; but as the possession of the defendant was accompanied with the assertion of absolute dominion, there is no principle upon which the possession can be construed to be with the plaintiff. His right, therefore, was reduced to a mere right of action, and could not be assigned or transferred.
A claim to personal property in the adverse possession of another, cannot be sold to invest the purchaser with a right of action in his own name: 'tis a mere chose in action and cannot be sold.
Haggin for appellant, Talbot for appellee.
Judgment affirmed with cost and damages.